# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1633

_____

United States of America

*Plaintiff - Appellee*

v.

Marain Larayondra Rankins, also known as Ryan Rankins, also known as Marain
Larayonda Rankins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 15, 2026
Filed: July 30, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

Marain Rankins pleaded guilty to one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(8). At sentencing he requested a downward departure to house arrest based on his physical condition—he is paraplegic and suffers from severe back pain, a chronic cough,

frequent urinary infections, skin ulcers, and a history of post-traumatic stress disorder. The district court[1] denied his request and sentenced him to 120 months in prison, the bottom of his Guidelines sentencing range.

When Rankins was sentenced in March 2025, the Guidelines provided that "[a]n extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4 (2018) (deleted Nov. 2025). The district court considered Rankins's impairment and the impact prison might have on him. See United States v. Dailey, 958 F.3d 742, 746 (8th Cir. 2020) (listing three considerations for determining whether an extraordinary physical impairment exists to justify a downward departure). It denied the departure because "the Bureau of Prisons regularly treats, cares for, and provides secure settings for individuals who are paraplegic [and] who are in wheelchairs." Rankins argued that "[h]is condition [was] worsening due to bed sores caused by jail equipment" and that he was "not able to access effective pain control medications." But he did not present evidence that his impairment is extraordinary or that the Bureau of Prisons is "unable to accommodate his condition and provide appropriate medical care." United States v. Robinson, 409 F.3d 979, 981 (8th Cir. 2005) ("An ailment might usefully be called 'extraordinary' if it is substantially more dangerous for prisoners than for non-prisoners." (cleaned up)). The district court did not clearly err when it denied the departure.[2] See Dailey, 958 F.3d at 746 ("A departure based on a physical condition is a discouraged ground on which to depart and should be limited to exceptional circumstances." (citation omitted)).

Nor did the district court impose a substantively unreasonable sentence. It explicitly considered the 18 U.S.C. § 3553(a) factors, including Rankins's

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]We assume without deciding that the district court's denial of the departure is reviewable for clear error. See Dailey, 958 F.3d at 746–47.

mitigating circumstances of physical limitation and history of childhood trauma. It weighed those circumstances against the drugs and multiple guns involved in the offense, his "exceptional" number of violations while in custody, and the fact that being in a wheelchair "ha[d] not prevented him from creating a danger to the community." That the district court did not weigh these factors "as [Rankins] would have preferred" was not an abuse of discretion. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (standard of review).

Affirmed.

_____